IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHELTER MUTUAL INSURANCE COMPANY                    PLAINTIFF

VS.                                    Civil Action No. 3:06-CV-136 HTW-LRA

WILLIAM SIMMONS AND ANN SIMMONS                     DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Before the court are the cross-motions of the parties for summary judgment brought pursuant to Rule 56 (b) and (c)[1] of the Federal Rules of Civil Procedure [docket ##'s 50 & 52].  Each party herein contends it is entitled to a judgment on the papers and without the benefit of a trial.  This court's subject matter jurisdiction is predicated on diversity of citizenship as provided by Title 28 U.S.C. § 1332.[2]  In a diversity action, this court is bound to apply the same law that a state court of the forum would apply.  *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  The

---

[1]Rule 56 (b) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

Rule 56 (c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[2]Title 28 U.S.C. § 1332 (a) provides as follows: The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States;

1

forum state in this case is Mississippi. In obedience to the *Erie* Doctrine, this court must deduce Mississippi's ultimate position on the issue now presented to this court from the current body of Mississippi law on insurance policy language, applicable Fifth Circuit opinions, if any, decisional law of other states and decisional law from other federal courts. See *Helene Curtis Industries, Inc.* v. *Pruitt*, 385 F.2d 841, 848 (5th Cir.1969).

## Background

The plaintiff Shelter Mutual Insurance Company ("Shelter Mutual"), filed the instant lawsuit seeking an interpretation of the homeowner's policy issued to the defendants, William Simmons and Ann Simmons. The parties agree that Shelter Mutual issued homeowner policy number 23-71-4476119-2 covering the Simmonses' home in Columbia, Mississippi. The parties also agree that the policy covered the subject property on August 29, 2005, the date Hurricane Katrina caused significant damage to the defendants' real property, including damage to the drive and structures appurtenant to it. Consequently, the Simmonses filed a claim for damage to their property under the policy. After adjusting the claim, Shelter Mutual tendered payments under the "dwelling" section of the policy in the amount of $140,731.94. Shelter Mutual also tendered the full policy limits under the "other structures" section of the policy in the amount of $34,650.00. In addition, Shelter Mutual paid $1,686.49 for personal property damages.

The subject driveway stretches across the property and encompasses approximately 8,500 square feet. The estimate, submitted by the Simmonses, calls for

the removal and replacement of each brick paver, for a cost of $82,857.00.

Shelter Mutual says it gave the Simmonses cash benefits for the driveway damage under the "other structures" coverage section of the policy. Shelter Mutual says the Simmonses have exceeded their available limits under the "other structures" coverage section and are now attempting to recover additional sums under the "dwelling" coverage section of the policy.

The Simmonses strongly disagree, contending that coverage for the driveway exists under the "dwelling" coverage section, for which limits of liability have not been exhausted. The Simmonses argue that the driveway and structures appurtenant to the drive are a part of the residence premises which include the main dwelling, the grounds and other structures at the location.

For the reasons that follow, this court finds that the summary judgment motion submitted by Shelter Mutual is well taken and should be granted.

### The Shelter Mutual Policy

The following clauses in the subject policy ......

### SECTION 1 - PROPERTY PROTECTION

COVERAGE A - DWELLING
INSURING AGREEMENTS

>  1. We cover accidental direct physical loss to the following property, except for those perils and losses excluded under the heading "Exclusions Applicable to Coverages A & B."
>
>  (a) Your dwelling, including building structures attached to it, at the residence premise, but only if that dwelling is used principally as a private residence. If a building structure is connected to the dwelling by only a utility line or fence, it will not be considered attached to the dwelling for purposes of this coverage.

COVERAGE B - OTHER STRUCTURES
INSURING AGREEMENTS

>1. We cover accidental direct physical loss to other structures which are permanently attached to the residence premises but not attached to your dwelling, except for those perils and losses excluded under the heading "Exclusions Applicable to Coverages A & B." If a structure is connected to the dwelling by only a utility line or fence, it will not be considered attached to the dwelling for purposes of this coverage.

### **Summary Judgment Jurisprudence**

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251,106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corporation v. Catrett,* 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martinez v. Schlumberger, Ltd.,* 338 F.3d 407, 411 (5th Cir. 2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.,* 310 F.3d 870, 877 (5th Cir. 2002). "A fact is 'material' if it 'might affect the outcome of the suit under governing law.'" *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001). The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corporation,* 477 U.S. at 322-23; *Anderson,* 477 U.S. at 257; *Matsushita Electric Industrial Company v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or

resolving any factual disputes." *Williams v. Time Warner Operation, Inc.,* 98 F.3d 179, 181 (5th Cir. 1996); *Brown v. City of Houston,* 337 F.3d 539, 540 (5th Cir. 2003); *Daniels v. City of Arlington,* 246 F.3d 500, 502 (5th Cir.), *cert. denied,* 534 U.S. 951, 122 S.Ct. 347, 151 L.Ed.2d 262 (2001).  Furthermore, only reasonable inferences can be drawn from the evidence in favor of the nonmoving party. *Eastman Kodak Company v. Image Technology Services, Inc.,* 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992).  "If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468-69. The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Anderson,* 477 U.S. at 247-48; *Hart v. O'Brien,* 127 F.3d 424, 435 (5th Cir.1997), cert. denied, 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999).  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown,* 337 F.3d at 540; *Bridgmon v. Array Systems Corporation,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir.), *cert. denied,* 537 U.S. 950, 123 S.Ct. 386, 154 L.Ed.2d 295 (2002).  Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial.  *Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corporation,* 477 U.S. at 322.

**Applicable Law**

The construction and effect of an insurance policy are matters of law to be decided by the court. *Jones v. Southern Marine & Aviation Underwriters, Inc.* 888 F.2d 358, 360 (5th Cir.1989) (citations omitted). Under Mississippi law, a contract of insurance, like any other contract, must be interpreted according to its terms. *Foreman v. Continental Casualty Company*, 770 F.2d 47, 489 (5th Cir.1985). The interpretation of an insurance policy is a question of law for the court when the meaning of the terms is clear and unambiguous. *Aero International, Inc. v. United States Fire Insurance Company*, 713 F.2d 1106, 1109 (5th Cir. 1983). "No rule of construction requires or permits the court to make a contract differing from that made by the parties themselves, or to enlarge an insurance company's obligations where the provisions of its policy are clear." *Id.* at 489.

**The Matter of Ambiguity**

The law of governing the interpretation of insurance contracts is well settled in Mississippi. Under Mississippi law, the interpretation of an insurance policy is a question of law, not one of fact. *Noxubee County School District v. United National Insurance Company*, 883 So.2d 1159, 1165 (Miss. 2004). Mississippi insurance law is quite clear that "when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written. *Noxubee County*, 833 So.2d at 1165, citing *Paul Revere Life Insurance Company v. Prince*, 375 So.2d 417, 418 (Miss.1979). "Any ambiguities in an insurance contract must be construed against the insurer and in favor of the insured and a finding of

coverage." *Nationwide Mutual Insurance Company v. Garriga*, 636 So.2d 658, 662 (Miss.1994).  "Further, the provisions that limit or exclude coverage are to be construed liberally in favor of the insured and most strongly against the insurer."  *Noxubee County*, at 1165.

## Analysis

Shelter Mutual contends that an ordinary and plain meaning of the homeowner's policy in question excludes a driveway as either a "dwelling" or "building structure." Moreover, Shelter Mutual states that even if the driveway is determined to be a building structure, coverage does not exist because it is not attached to the dwelling as required by the policy.  Shelter Mutual had issued the Simmonses a homeowner's policy for their home that was in effect during the turbulence of Hurricane Katrina.  The insuring agreement provided in pertinent part the following:

COVERAGE A - DWELLING
INSURING AGREEMENTS

1. We cover accidental direct physical loss to the following property, except for those perils and losses excluded under the heading "Exclusions Applicable to Coverages A & B."

    (a) Your dwelling, including building structures attached to it, at the residence premise, but only if that dwelling is used principally as a private residence. If a building structure is connected to the dwelling by only a utility line or fence, it will not be considered attached to the dwelling for purposes of this coverage.

Under Coverage A, Shelter Mutual agreed to pay those sums for damages to the Simmonses' dwelling, including building structures attached to it.  Although the specific terms "dwelling" or "building structure" are not defined by the policy, according to the Mississippi rules of insurance contract interpretation, this court must find its plain,

7

ordinary, and popular meaning. The Mississippi Supreme Court often consults leading dictionaries to determine the ordinary meaning of insurance contracts. *See*, e.g., *Bank of Mississippi* v. *Mississippi Life & Health Ins. Guar. Ass'n*, 730 So.2d 49, 57 (Miss. 1998); *Merrimack Mut. Fire Ins. Co. v. McDill*, 674 So.2d 4,9 (Miss. 1996); *Allstate Ins. Co. v. Moulton*, 464 So.2d 507, 509 (Miss.1985). Black's Law Dictionary defines "dwelling house" as follows: The house or other structure in which a person lives; a residence or abode. Black's Law Dictionary, pg. 546 (8th Edition). Building is defined as "a usually roofed and walled structure built for permanent use (as for a dwelling)." *Webster's New Dictionary of The English Language, New Edition, 63 (Merriam-Webster, 2005).*

The Simmonses argue that the driveway is attached to the dwelling and is covered under Section A because it is on the "relevant premises." Defendants further claim that the policy cannot cover the driveway as "other structures" in Section B. Defendants offer nothing to support their claim that the driveway is a "dwelling" or "building structure." The driveway *sub judice* does not provide shelter or habitation to people, animals or property. True, the driveway is a part of the resident premises; however, this circumstance does not convert the driveway to a "structure," or "building."

This court, then, persuaded by the ordinary and common meaning of the relevant language of the insurance policy, concludes that the Simmonses' driveway is neither a dwelling nor a building structure. As such, there is no coverage for the driveway's damage under the dwelling section of the policy and the Simmonses' requested relief must be denied.

## Conclusion

Therefore, in accordance with the foregoing analysis, this court hereby grants the motion of the plaintiff Shelter Mutual for summary judgment.  The motion of the defendants William Simmons and Ann Simmons for summary judgment is denied.  The court will enter a final judgment in accordance with the local rules.

**SO ORDERED AND ADJUDGED** this the 19th day of February, 2008.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:06-cv-136 HTW-LRA
Memorandum Opinion and Order